IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**LINCOLN NATIONAL LIFE**
**INSURANCE COMPANY,**

      **Plaintiff,**

v.                                                   CIVIL ACTION NO. 2:08-1188

**CATHERINE SIMPKINS and**
**RICHARD LEE SIMPKINS, II,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff's Motion to Enjoin Defendants, Discharge Plaintiff from Further Liability, and Award Attorney's Fees and Costs to Plaintiff (Doc. No. 11), and the motion for summary judgment of defendant Richard Lee Simpkins, II (Doc. No. 20). For the reasons set forth below, the court grants plaintiff's motion in part and grants summary judgment to Mr. Simpkins.

### I.  Factual and Procedural Background

Plaintiff Lincoln National Life Insurance Company ("Lincoln") filed its Complaint for Interpleader in this court on October 16, 2008. (Doc. No. 1.) Lincoln, an insurance company based in Fort Wayne, Indiana, issued a policy of life insurance numbered U1161846 ("the policy") to Richard Lee Simpkins, Sr., on September 20, 1984.[1]  (Id. at 1-2.)  Mr. Simpkins died on May 6,

---

[1] It appears that the underlying facts as alleged in Lincoln's Complaint are not in dispute.

2008, in Huntington, West Virginia. (Id. at 2.) The sole beneficiary of the policy, which had a face amount of $175,482.00 at the time of the elder Mr. Simpkins' death, is the decedent's son, defendant Richard Lee Simpkins, II, who has submitted a claim for the policy proceeds. (Id.) The decedent was also survived by his wife of twenty-two years, defendant Catherine Simpkins, who has submitted a competing claim for the policy proceeds. (Id.; Doc. No. 13 at 4.)

    Ms. Simpkins is a resident of Switzer, in Logan County, West Virginia. (Doc. No. 1 at 1.) The younger Mr. Simpkins is a resident of Franklin County, Ohio. (Id.) Because both claimants are of diverse citizenship, and because the sum in controversy exceeds $500.00, plaintiff invokes the court's jurisdiction under 28 U.S.C. § 1335(a). As such, plaintiff, by court order, has deposited the insurance proceeds, plus interest, into the registry of this court. By way of its complaint and motion to enjoin and discharge, Lincoln requests that it be released from further liability in connection with the policy proceeds, that it be dismissed from this action, that the court enjoin defendants from instituting any other related actions against it in state or federal court, and that the court award it costs and attorney's fees incurred in connection with filing this action. (Doc. No. 1 at 3; Doc. No. 11.)

In November 2008, Mr. Simpkins filed an answer and cross-claim against Ms. Simpkins, alleging that she has no claim to the policy proceeds. (Doc. No. 7.) Mr. Simpkins' claim also requests attorney's fees and costs expended in connection with this action. (Id. at 4.) Ms. Simpkins filed an answer to the Complaint and cross-claim on December 4, 2008. (Doc. No. 13.) She asserts that the policy premiums were paid using marital assets during the course of her marriage to the decedent, and that she is therefore entitled to half the policy proceeds. (Id. at 4-5.)

On December 11, 2008, Mr. Simpkins filed a response to Lincoln's motion to enjoin and discharge, arguing that it would be premature and prejudicial to dismiss Lincoln before Mr. Simpkins had the benefit of discovery. (Doc. No. 15.) With regard to Lincoln's request for fees and costs, Mr. Simpkins contends that, absent a showing of bad faith, fraud, or similar conduct on his part, fairness dictates that Lincoln be required to cover its own fees and costs as "a foreseeable and ordinary business expense." (Id. at 2-3.) Lincoln filed a reply, noting that neither defendant had objected to its request that defendants be enjoined from instituting or prosecuting any action or proceeding against it relating to the policy at issue. (Doc. No. 19 at 1-2.) Plaintiff further stated that it had recently served discovery disclosures upon defendants, and that it would

be willing to forego its request for an award of attorney's fees if the defendants would consent to plaintiff's timely dismissal. (Id. at 2.) With respect to his cross-claim against Ms. Simpkins, Mr. Simpkins subsequently filed a motion for summary judgment, which has been fully briefed.

## II. Analysis

### A. Distribution of Policy Proceeds

Turning first to the issue of summary judgment, Rule 56 of the Federal Rules of Civil Procedure provides that

> [t]he judgment sought shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The moving party has the burden of establishing that there is no genuine issue as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). As the United States Supreme Court of Appeals stated in Celotex, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

Once the moving party has met its burden, the burden then shifts to the nonmoving party to produce sufficient evidence for

a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 250-51. Significantly, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

Ms. Simpkins does not dispute that the younger Mr. Simpkins is named as the sole beneficiary of the life insurance policy, nor does she suggest that his designation as beneficiary was the product of fraud or other improper influence. (Doc. Nos. 23-24.) Rather, citing West Virginia Code § 48-1-233(1),[2] she contends

---

[2] Section 48-1-233, entitled "Marital property defined," defines such property as follows:

> (1) All property and earnings acquired by either spouse during a marriage, including every valuable right and

that she is entitled to half the policy proceeds as a result of her late husband's payment of policy premiums with funds that would have been considered marital assets in the event the couple had divorced prior to the elder Mr. Simpkins' death. (Doc. Nos. 23-24.)

Ms. Simpkins cites no case law in support of the argument she advances, nor has the court been able to locate any such cases. The chapter of the West Virginia Code upon which she relies codifies the laws of the State of West Virginia relating to domestic relations, but does not encompass issues of descent and distribution. W. Va. Code § 48-1-101. Indeed, the very section upon which Ms. Simpkins relies proscribes application of its definition of "marital property" to other articles of the State Code. W. Va. Code § 48-1-233.

"[W]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to

---

interest, corporeal or incorporeal, tangible or intangible, real or personal, regardless of the form of ownership, whether legal or beneficial, whether individually held, held in trust by a third party, or whether held by the parties to the marriage in some form of co-ownership such as joint tenancy or tenancy in common, joint tenancy with the right of survivorship, or any other form of shared ownership recognized in other jurisdictions without this state, except that marital property does not include separate property as defined in section 1-238 . . . .

W. Va. Code § 48-1-233(1).

the plain meaning intended." Keffer v. Prudential Ins. Co., 172 S.E.2d 714, 715 (W. Va. 1970). Finding no ambiguity in the policy at issue, the court must grant summary judgment in favor of Mr. Simpkins. See Provident Life & Accident Ins. Co. v. Berry, 522 F. Supp. 2d 785 (S.D. W. Va. 2007)(Stanley, M.J.)(in interpleader action, applying unambiguous beneficiary designation of life insurance policy).

### B. Motion to Enjoin and Discharge

Apart from Mr. Simpkins' initial objection to Lincoln's pre-discovery dismissal, no argument has been raised in opposition to the relief which Lincoln seeks under 28 U.S.C. § 2361.[3] The period for discovery having now elapsed, the court finds no

---

[3] Section 2361, which addresses the process and procedure applicable to interpleader claims, states as follows:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.

obstacle to Lincoln's dismissal and discharge from liability under § 2361.  Furthermore, as Lincoln notes (Doc. No. 19 at 1-2), neither defendant has raised an objection to the court's permanently enjoining defendants from instituting or prosecuting any action against Lincoln relating to the policy at issue.  As such, the court grants Lincoln the relief sought under § 2361 and dismisses it from this action.

### C.  Attorney's Fees and Costs

In Lincoln's reply in support of its motion to enjoin and discharge, Lincoln states that it is willing to forego its request for an award of attorney's fees "if Defendants consent to Lincoln's timely dismissal and discharge from further liability." (Doc. No. 19 at 2.)  Neither defendant has responded to this point.

"[W]here there exists a bona fide controversy between claimants, or the reasonable possibility thereof, impressing the insurance proceeds with reasonable attorney fees and costs involved in bringing an interpleader action is within the sound discretion of the court."  Manufacturers Life Ins. Co. v. Johnson, 385 F. Supp. 852, 853 (E.D. Va. 1974)(citing Met. Life Ins. Co. v. Holding, 293 F. Supp. 854, 858 (E.D. Va. 1968)).  Many courts hold, however, that fees should not be awarded where an insurer files an interpleader action in the ordinary course of business.  See Lewis v. Atlantic Research Corp., 1999 U.S. Dist.

LEXIS 13569, at *21 (W.D. Va. Aug. 30, 1999)(citing <u>Travelers Indem. Co. v. Israel</u>, 354 F.2d 488, 490 (2d Cir. 1965)("We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business of their insureds by bringing an action for interpleader."); <u>Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Trust Co.</u>, 537 F. Supp. 1147, 1150 (M.D. Ga. 1982)(same); <u>Minnesota Mutual Life Ins. Co. v. Gustafson</u>, 415 F. Supp. 615, 619 (N.D. Ill. 1976)(same); <u>Met. Life Ins. Co. v. Holding</u>, 293 F. Supp. at 858 (same)).

Here, as was the case in <u>Lewis</u>, plaintiff's role in this controversy was "straightforward and limited." <u>Lewis</u>, 1999 U.S. Dist. LEXIS 13569, at *24-25. Lincoln filed this interpleader action in the ordinary course of business, and fairness dictates that Mr. Simpkins' proceeds not be diminished for such an expense. While Mr. Simpkins' cross-claim makes a concise request that Ms. Simpkins pay his attorney's fees and costs incurred in this action, he has filed nothing subsequently in support of such relief. As such, the court deems it proper that the parties bear their own costs.

### III. <u>Conclusion</u>

Because Mr. Simpkins has demonstrated that he is entitled to judgment as a matter of law with respect to his cross-claim

against Ms. Simpkins, the court hereby **GRANTS** his motion for summary judgment (Doc. No. 20).  In an accompanying Judgment Order, the court directs the Clerk to disburse the proceeds deposited with the court, including interest, to Mr. Simpkins.

The Court further **GRANTS** plaintiff's motion to enjoin and discharge (Doc. No. 11) to the extent it seeks relief under 28 U.S.C. § 2361, and **DENIES** the motion to the extent it seeks attorney's fees and costs.  Lincoln is hereby **DISCHARGED** from liability in connection with the life insurance policy at issue, and **DISMISSED** from this action.  Defendants are further **ENJOINED** from pursuing any claims in state or federal court relating to the policy which is the subject of this action.

The Clerk is directed to remove this action from the active docket of the court, and to send copies of this Memorandum Opinion and Order to all counsel of record and any unrepresented party.

It is **SO ORDERED** this 11th day of September, 2009.

ENTER:

David A. Faber
Senior United States District Judge